09-2362-ag
Wang v. Holder

BIA
Balasquide, IJ
A090 347 355

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of June, two thousand ten.

PRESENT:
        RALPH K. WINTER,
        JOSÉ A. CABRANES,
        PETER W. HALL,
            *Circuit Judges*.

_____

YONG FU WANG,
        *Petitioner*,

        v.                                09-2362-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Sheema Chaudhry, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Mary Jane Candaux,
                       Assistant Director; Todd J. Cochran,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yong Fu Wang, a native and citizen of the People's Republic of China, seeks review of a May 7, 2009, order of the BIA affirming the June 18, 2007, decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Fu Wang*, No. A090 347 355 (B.I.A. May 7, 2009), *aff'g* No. A090 347 355 (Immig. Ct. N.Y. City June 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified and supplemented by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Here, substantial evidence supports the agency's adverse credibility determination. We defer to the IJ's finding that Wang's unresponsive demeanor during cross-examination undermined his credibility. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *see also Shu Wen Sun v. Board of Immigration Appeals*, 510 F.3d 377, 380-81 (2d Cir. 2007).

We also find no error in the IJ's reliance on Wang's inconsistent testimony regarding the date on which he was married. Nor was it error to rely on the inconsistency

2

between Chen's testimony that he decided to leave China in December 2004 and the affidavits from his wife and mother-in-law, which indicate that he made this decision in December 2005, shortly after his wife's alleged forced abortion. Such were proper bases for an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. To the extent that Wang offered explanations for these discrepancies, the IJ was not compelled to credit them. *See Majidi*, 430 F.3d at 80-81.

Finally, Wang does not challenge the agency's denial of his withholding of removal or CAT claims before this Court. Even assuming that Wang's challenge to the IJ's adverse credibility determination suffices to challenge the agency's denial of his applications for each form of relief, that determination undermines each claim to the extent they were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3